UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY SCHAUB, # 603846,

    Petitioner,

Case No. 08-cv-12578

HONORABLE STEPHEN J. MURPHY, III

v.

NICK LUDWICK,

    Respondent.

_____/

**ORDER ADOPTING REPORT AND
RECOMMENDATION (docket no. 11), OVERRULING
OBJECTIONS, AND DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

    This is a habeas case. Petitioner Gary Ludwick pleaded guilty in state court to one count of possession with intent to deliver methamphetamine, and was subsequently sentenced to a prison term of 130 months to 20 years. He raises two issues in his habeas petition: 1) involuntariness of his guilty plea and ineffective assistance of counsel related thereto; and 2) unconstitutional sentencing. The Court referred the matter to Magistrate Judge Paul J. Komives for all pretrial proceedings.

    The matter returns to the Court on the report and recommendation of Judge Komives. In his report, Judge Komives recommends that the Court deny the petition for lack of merit, and decline to issue a certificate of appealability. Schaub filed objections.

    A district court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. With respect to portions of a report that no party objects to, the Court need not undertake any review at all. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). On the other hand, the Federal Rules of Civil Procedure provide that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Overly broad objections, however, do not satisfy the objection requirement. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Id.* Objections that merely dispute the correctness of the magistrate judge's recommended outcome but fail to specify the findings believed to be erroneous are too general to invoke the statutorily mandated de novo review. *Id.*

Schaub filed objections, so the Court reviews the matter de novo. After such review, the Court concludes that the analysis in the report and recommendation is correct. The Court agrees that Schaub has not demonstrated an entitlement to habeas relief on any of the claims he raises in the petition. His objections do not persuade the Court otherwise. The Court also agrees that Schaub is not entitled to a certificate of appealability on any issue raised in the petition because the resolution of his claims is not debatable.

The Court overrules Schaub's objections, and adopts the analysis in the report as the Court's own.

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's objections are **OVERRULED.**

**IT IS FURTHER ORDERED** that the report and recommendation (docket no. 11) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus is **DENIED.**

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue a certificate of appealability on any issue.

**SO ORDERED.**

                                         s/Stephen J. Murphy, III
                                         STEPHEN J. MURPHY, III
                                         United States District Judge

Dated: November 29, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 29, 2010, by electronic and/or ordinary mail.

                                         Alissa Greer
                                         Case Manager